CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
November 29, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
      DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **THOMAS MOYLER,** | ) |
| Plaintiff, | ) Case No. 7:24CV00186 |
| v. | ) **OPINION AND ORDER** |
| **CHADEWICK DOTSON, ET AL,** | ) JUDGE JAMES P. JONES |
| Defendants. | ) |

*Thomas Moyler, Pro Se Plaintiff; Andrew R. Page, Assistant Attorney General,* CRIMINAL JUSTICE & PUBLIC SAFETY DIVISION, OFFICE OF THE ATTORNEY GENERAL, *Richmond, Virginia, for Defendants.*

The plaintiff, Thomas Moyler, a Virginia inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, complaining that while he was incarcerated at River North Correctional Center (River North), in 2023, his Moorish American legal documents and certified incoming mailings addressed to him were confiscated, in violation of his First Amendment and due process rights. He alleges that these documents were "falsely labeled "Sovereign Citizen gang member contraband," that officials refused to allow him to mail the documents to anyone, and that he was found guilty of a disciplinary infraction related to these documents and penalized with 60 days loss of telephone and electronics privileges. As relief, he seeks possession of his documents and monetary damages. The

defendants have filed a Motion to Dismiss, to which Moyler has responded. After review of the record, I conclude that the Motion to Dismiss must be granted.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim, but "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all *factual* allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To survive a motion to dismiss, a complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 case, "liability will only lie where it is affirmatively shown that the official charged acted personally in the

deprivation of the plaintiff[']s rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Lewis-Bey v. Wilson*, No. 3:17CV763, 2019 WL 4889261, at *3 (E.D. Va. Oct. 3, 2019).

The defendants named in Moyler's Complaint move for dismissal of his claims against them: Virginia Department of Corrections director Chadwick Dotson; former River North Warden D. Anderson; Assistant Warden J. Bateman; Investigator Lt. E. Earhart; Intel Officer J. F. Harman; Investigator Lt. R. Hickmen; Hearing Officers A. King and Ms. West; and Personal Property Officer D. Felts.[1] Moyler essentially alleges that these defendants are responsible for violating his constitutional rights based on their job titles. However, his Complaint fails to allege facts showing how each of these defendants had any personal involvement with him or what action he or she performed (or failed to perform)

---

[1] In a later submission, ECF No. 19, Moyler identified as defendants Investigator Lowe; mailroom staff Mrs. Young, and the current River North Warden Yancey. Moyler does not state facts about what each of these individuals did to violate his constitutional rights. Furthermore, as I herein determine that Moyler's Complaint must be dismissed without prejudice, I will not add Young and Yancey to the case at this time. If Moyler decides to file an Amended Complaint that makes a full statement of his § 1983 claims against each and every defendant, he may include these defendants in that document.

that violated his constitutional rights.[2] It is well established that in a § 1983 case, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Because Moyler's Complaint fails to do so, it fails to state any plausible claim against any of them. For the reasons stated, I will grant the defendants' Motion to Dismiss and dismiss Moyler's Complaint under Rule 12(b)(6) without prejudice. *King v. Rubenstein*, 825 F.3d 206, 225 (4th Cir. 2016).

Accordingly, it is hereby **ORDERED** as follows:'

1. The defendants' Motion to Dismiss, ECF No. 20, is GRANTED; Moyler's present Complaint is DISMISSED WITHOUT PREJUDICE; and the Clerk will close the case;

2. Moyler's Motion for a Temporary Restraining Order (TRO), ECF No. 11, is DENIED. A party seeking interlocutory injunctive relief must state facts clearly showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Moyler has not stated facts showing that he faced imminent, irreparable harm in the absence of the requested court intervention when he filed his motion. Moreover, Moyler does not have a constitutionally protected right to be transferred to a prison in the eastern portion of

---

[2] Moyler does allege that defendant Harman somehow violated a prison policy requiring that incoming letters marked as "legal mail" should be opened in the presence of the inmate. Compl. 4, ECF No. 1. A mere violation of prison policy, however, does not equate to a violation of constitutional rights. *Riccio v. Ctny. of Fairfax*, 907 F.2d 1459, 1469 (4th Cir. 1990) (finding that state official's "failure to abide by [state] law is not a federal due process issue").

-4-

Virginia, as he requests. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983).

3. Since I am dismissing Moyler's Complaint without prejudice, Moyler may submit, within 30 days from the date of the entry of this Order, a motion seeking to reinstate and amend this action. In so doing, he must attach an Amended Complaint that includes complete facts about the events on which he bases his claims, including dates and times, and describing the personal involvement of each defendant named — indicating how each of them acted (or failed to act) in a manner that violated Moyler's constitutional rights. Moyler is advised that submitting a stack of grievance paperwork or other documentation about such events is insufficient. Neither the court nor the defendants can be expected to search through a stack of attachments to guess at the facts on which Moyler seeks to rest his § 1983 claims. Rather, he must state all such facts in the Amended Complaint itself. In the alternative, he may refile his claims at some later time, subject to the applicable statute of limitations, provided that he makes a complete statement of the claims and facts to support those claims as to each defendant.

ENTER: November 29, 2024

/s/  JAMES P. JONES  
Senior United States District Judge